## COCKE *v.* HENDLEY, Treasurer.

The eleventh section of the Act of March 20th, 1860, to fund the debt of Sonoma county reads as follows : " If in the exchange of warrants for bonds, in accordance with this act, it shall happen that any person shall have a fractional sum less than the amount of bonds authorized to be issued by this act, the County Treasurer shall issue to the holder thereof a certificate for such fractional sum ; and upon presentation of the same to the County Auditor he shall draw a warrant on the County Treasurer for the amount so certified." The act makes no provision for payment of warrants drawn under this section : *Held,* that such warrants are to be paid in accordance with the provisions of the General Act of 1850, concerning the office of County Treasurer.

Appeal from the Seventh District.

Application for *mandamus.* The facts are stated by the Court. The Court below granted the writ. Defendant appeals.

*P. L. Edwards,* for Appellant.

*A. Thomas,* for Relator, Respondent.

Cope, J. delivered the opinion of the Court—Field, C. J. concurring.

This is an application for a *mandamus* to compel the defendant, as Treasurer of Sonoma county, to pay the amount of certain warrants drawn upon him by the County Auditor. The warrants were drawn in pursuance of an act passed in 1860, to fund the debt of the county, the eleventh section of which act reads as follows : " If in the exchange of warrants for bonds, in accordance with this act, it shall happen that any person shall have a fractional sum less than the amount of bonds authorized to be issued by this act, the County Treasurer shall issue to the holder thereof a certificate for such fractional sum, and upon presentation of the same to the County Auditor he shall draw a warrant on the County Treasurer for the amount so certified." The act itself fails to provide for the payment of these warrants ; and the plaintiff contends that they stand upon the same footing as other warrants, and are governed in respect to payment by the provisions of the Act of 1850, concerning the office of County Treasurer. This is obviously a just and

reasonable view of the operation of these acts, and the effect of a different construction would be to leave the plaintiff without a remedy. The Legislature could not have contemplated the issuance of warrants which were not to be paid, and we do not feel disposed to impute to that body an intention which never could have existed.

Order directing the issuance of a *mandamus* affirmed.